Filed 6/18/15  P. v. Martin CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TODD DAVID MARTIN,<br><br>    Defendant and Appellant. | D066871<br><br><br>(Super. Ct. No. SCD253126) |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, for Plaintiff and Respondent.

In the trial court, Todd David Martin twice requested to relieve his counsel, and the court twice held hearings under *People v. Marsden* (1970) 2 Cal.3d 118, and denied his motions.  Martin subsequently pleaded guilty to unlawful possession of a usable amount of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and admitted

he had suffered a prior prison term for a felony offense. (Pen. Code, §§ 667.5, subd. (b), 668.) The court declared the underlying offense a misdemeanor and awarded Martin credit for time served. It court subsequently denied his request for a certificate of probable cause.

## DISCUSSION

There are no relevant facts to discuss in this appeal. Appellate counsel presents no argument for reversal of the trial court's order, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), raising these possible but not arguable appellate issues: (1) Did the trial court abuse its discretion in refusing to issue a certificate of probable cause? (2) Did the trial court abuse its discretion in denying Martin's *Marsden* motions? (3) Is Martin's guilty plea constitutionally valid? (4) Was there a sufficient factual basis for the plea? and (5) Was Martin's admission of the prior prison term enhancement knowingly and intelligently made?

We offered Martin the opportunity to file his own brief on appeal but he has not done so.

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not found any arguable appellate issue. Competent counsel has represented Martin on this appeal.

DISPOSITION

The judgment is affirmed.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.